[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE (#117) OBJECTION (#119) REPLY (#121)
In a complaint dated January 10, 2000, the plaintiff, Martin V. Kadlick, brought an action, both in his individual capacity and on behalf of his decedent wife's estate, against the defendants, Beth A. Barrett and the law firm, Willinger, Shepro, Tower Bucci, P.C.,[1] sounding in legal malpractice and loss of consortium. The plaintiff alleges the following pertinent facts: on or about December 10, 1996, the plaintiff retained the defendants as his attorney to investigate his wife's death CT Page 3746 and any potential claims against medical providers in Connecticut and at Mount Sinai Hospital in New York. The plaintiff alleges that due to the defendants' negligence, carelessness, and failure to properly investigate and prepare the plaintiff's case, the plaintiff was precluded from commencing a lawsuit against the New York physicians and Mount Sinai Hospital within the applicable statute of limitations for a wrongful death action in New York. As a result, the plaintiff alleges that he has lost the ability to recover full and fair compensation from the New York physicians and/or Mount Sinai Hospital for their alleged negligence which led to the death of the plaintiff's wife. In their amended answer of August 16, 2000, the defendants allege two special defenses to the plaintiff's claims. On November 2, 2000, the plaintiff moved to strike the defendants' first special defense. The first special defense alleges that "[t]he plaintiff's allegations to the complaint fail to state a claim against the defendants upon which relief can be granted." The defendants filed a timely memorandum in opposition.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128
(1999). "Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike . . ." Practice Book §10-39. "In . . . ruling on the . . . motion to strike, the trial court [has an] obligation to take the facts . . . alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997).
The plaintiff argues that the defendants' first special defense is not legally sufficient as it does not plead any facts, but rather only states a legal conclusion. Furthermore, the plaintiff contends that the proper vehicle in which to assert the defendants' claim is not a special defense, but rather ia a motion to strike. The defendants respond that they have stated a legally sufficient special defense as their claim may be asserted as a special defense or brought by way of a motion to strike.
There is a split of authority in the Superior Court as to whether a special defense is valid when it alleges that the plaintiff's complaint fails to state a cause of action. The first line of cases, relied on by the plaintiff, hold that a motion to strike a special defense asserting CT Page 3747 this claim should be granted as the special defense does not allege any facts and is therefore, conclusory and improper. See Ayala v. L.B.I.Acquisition Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 417420 (October 1, 1999, Devlin, J.) (court granted motion to strike holding that defense alleging no cause of action does not comply with fact-based pleading requirements as fails to allege facts); Smith v. Walsh, Superior Court, judicial district of New Haven at New Haven, Docket No. 406487 (December 24, 1998, Zoarski, J. T.R.) (court granted motion to strike special defense alleging no cause of action because failed to allege facts); Strickland v. Bates, Superior Court, judicial district of Tolland at Rockville, Docket No. 064466 (May 11, 1998, Klaczak, J.) (court granted motion to strike holding that special defense alleging no cause of action must inform plaintiff with reasonable clarity of nature of defense asserted); Dennis v. Makhraz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342399 (May 1, 1998, Skolnick, J.) (22 Conn.L.Rptr. 201) (court granted motion to strike holding that "a special defense is not the appropriate vehicle in which the defendant may raise an argument that the plaintiff has no cause of action."); Pozoukidis v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346988 (February 13, 1998, Mottolese, J.) (21 Conn.L.Rptr. 382) (court granted motion to strike holding that special defense alleging no cause of action must inform plaintiff with reasonable clarity of nature of defense asserted).
The second line of cases, relied on by the defendants, hold that a motion to strike a special defense alleging that the plaintiffs complaint fails to state a cause of action should be denied as this special defense is legally sufficient. The prevailing case is Scan Associates, Inc. v.Civitello Building Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 350643 (January 24. 1994, Hodgson, J.) (10 Conn.L.Rptr. 646). In Scan, the court held that it was not the defendant's burden to correct deficiencies in the plaintiff's pleadings by a motion to strike, or otherwise, and therefore, the only way the defendant could put the plaintiff on notice that a claim was insufficient was by means of a special defense. ScanAssociates, Inc. v. Civitello Building Co., supra, Docket No. 350643. See also Stack v. Harley Davidson of Danbury, Superior Court, judicial district of Danbury at Danbury, Docket No. 323389 (October 2, 1996, Moraghan, J.) (17 Conn.L.Rptr. 634) (court denied motion to strike special defense alleging no cause of action relying on reasoning in Scan Associates, Inc. v. Civitello BuildingCo.); Torres v. Melody, Superior Court, judicial district of New London at Norwich, Docket No. 098765 (December 7, 1995, Levine, J.) (6 Conn.L.Rptr. 30) (same); Janowicz v. Clark Construction ofRidgefield, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 138678 (March 15, 1995, CT Page 3748Lewis, J.) (court denied motion to strike special defense holding that "alleging legal insufficiency is consistent with the facts alleged by the plaintiff, but it demonstrate[s], nonetheless that the plaintiff has no cause of action."). This court is persuaded by the Scan court's reasoning as well as the decisions that follow Scan and therefore, finds that the defendants' first special defense is legally sufficient.
The plaintiff argues, however, that if the court should find that the special defense is legally sufficient, the court must still strike the special defense. The plaintiff contends that he has alleged valid causes of action in his complaint and therefore, the defendants' first special defense must be stricken on this ground. The defendants respond that the plaintiff voluntarily discontinued the New York action and therefore, as there is no underlying medical malpractice action pending, there can be no claim for legal malpractice.
"To state a claim for legal malpractice [a plaintiff] must [demonstrate] that there was an attorney-client relationship, that the attorney was negligent in his representation of the client and that this negligence caused [the plaintiff] some loss." (Brackets in original; internal quotation marks omitted.) Fiaschetti v. Vannucci, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 281533 (September 15, 1994, McGrath, J.). In the present case, and contrary to the defendants' argument, the plaintiff alleges that it was the defendants' failure to bring a timely medical malpractice action on his behalf which has led to the plaintiff's inability to recover any compensation from his decedent wife's doctors in New York. This court finds, therefore, that the plaintiff has alleged a sufficient cause of action for legal malpractice. Accordingly, the plaintiff's motion to strike the defendants' first special defense is hereby granted.
KARAZIN. J.